# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JEFFREY LUNZ,<br><br>              Plaintiff,<br><br>    v.<br><br>THE PNC FINANCIAL SERVICES GROUP, INC. and THE PNC FINANCIAL SERVICES GROUP AFFILIATES LONG TERM DISABILITY PLAN,<br><br>              Defendants. | Civil Action No. 2:21-cv-792 |

## INTRODUCTION

1. This Complaint seeks legal and equitable damages arising from and relating to a long-term disability plan administered and funded by Defendants.

2. The headings contained in this Complaint are intended only to assist in reviewing the statements and allegations contained herein. To avoid the unnecessary repetition in each section, Plaintiff hereby affirms and incorporates each paragraph in each section of this Complaint as though fully set forth therein.

3. The factual allegations found in this Complaint are not exhaustive. They are presented throughout this Complaint so as to provide the requisite notice of the basis for Plaintiff's allegations.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over the claims asserted in this action for monetary and equitable relief under federal question jurisdiction pursuant to 28 U.S.C. § 1331 and

the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1132(e)(1) and § 1132(f).

5. Venue is appropriate in the United States District Court for the Western District of Pennsylvania pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391.

## PARTIES

6. Plaintiff Jeffrey Lunz ("Lunz") is a citizen of the United States, a resident of the Commonwealth of Pennsylvania, and an insured participant under the long-term disability insurance policy (the "Policy") at issue in this lawsuit.

7. Defendant The PNC Financial Services Group, Inc. ("PNC") is a for-profit corporation doing business in the Commonwealth of Pennsylvania and the Plan Sponsor and Plan Administrator of the Plan.

8. Defendant The PNC Financial Services Group, Inc. and Affiliates Long Term Disability Plan (the "PNC Plan") is a welfare benefit plan administered in and providing benefits to participants residing within the Commonwealth of Pennsylvania.

## FACTS

9. Lunz was employed by PNC and participated in the PNC Plan.

10. The PNC Plan provides a long-term disability ("LTD") monthly income benefit, which is funded by PNC.

11. The PNC Plan also provides for, among other things, a survivor benefit payable to a PNC Plan participant's survivor and the accrual of service credits under the participant's Post-Retirement Medical Account.

12. Years during which a Plan participant receives LTD Benefits also count towards service requirements under PNC's Premium Reimbursement Plan.

13. Claims for benefits under the PNC Plan are administered by Lincoln Life Assurance Company of Boston ("Lincoln").

14. Lunz ceased work in October 2016 because of physical limitations resulting from his disabling conditions and corresponding treatment regimen. Since then, Lunz has remained continuously disabled and unable to physically perform the duties necessary to engage in either his prior employment or any gainful employment.

15. PNC, through Lincoln, agreed Lunz was disabled and provided him with disability benefits under the PNC Plan through October 20, 2020.

16. In a letter dated October 20, 2020, Lincoln notified Lunz, without warning, that his disability benefits under the PNC Plan were terminated.

17. At the time his disability benefits were terminated, Lunz's disabling conditions had not improved and his corresponding treatment regimen had not changed.

18. The termination of Lunz's disability benefits was flawed for a number of reasons, including, *inter alia*:

- Lincoln failed to establish any improvement in Lunz's functional limitations; and

- Lincoln failed to discuss, let alone conduct any investigation of, Lunz's award of Social Security Disability Income ("SSDI") benefits—in violation of ERISA's claim regulations.

19. In administering Lunz's claims, and as the termination letters make clear, PNC and Lincoln actively sought to terminate his disability benefits—despite: (a) the initial determination that Lunz was disabled under the Plan's "any occupation" standard; and (b) the payment to Lunz of benefits under the Plan's "any occupation" standard for an entire year.

20. Lunz promptly appealed Lincoln's decision.

21. On March 26, 2021, Lincoln finally issued its appeal decision, in which it upheld the decision to terminate disability benefits.

22. The appeal decision was flawed for many reasons, including, *inter alia*:

- Lincoln again failed to establish any improvement in Lunz's functional limitations, which had worsened;

- Lincoln again credited, without explanation, the decision of its paper file reviewers over those of Lunz's treating physicians, relied on conclusory statements by its retained file reviewers, and blatantly ignored the extent of Lunz's documented limitations; and

- Lincoln provided a conclusory statement for its disagreement with the Social Security Administration's determination that Lunz is fully disabled.

23. Although the Plan grants Lincoln the discretion to hold a hearing for the purpose of making factual determinations, Lincoln—without explanation—failed to hold a hearing. A hearing would have been particularly beneficial here, given the dispute between Lunz's treating physicians and the Plan's file reviewers.

24. Lunz met, and continues to meet, the requirements of the PNC Plan necessary to continue receiving LTD benefits.

25. At all times relative hereto, PNC has operated under an inherent and structural conflict of interest because any disability benefits provided to Lunz are paid from PNC's own assets, with each payment depleting those same assets.

26. On information and belief, Lincoln encourages claims personnel to terminate claims and deny appeals in order to reduce disability benefits paid by its clients, including PNC.

27. Lunz has exhausted his administrative remedies.

28. Lunz's complaint is timely and is not otherwise time barred.

## CLAIMS

**A.      Breach of Contract**

29.     The PNC Plan is operated pursuant to a written plan document (the "Plan"), which constitutes a written contract.

30.     PNC, through its Claims Administrator Lincoln Financial Group, breached the terms of the Plan by, among other things, improperly terminating Lunz's disability benefits.

31.     PNC's breaches damaged Lunz, not only in the loss of his disability benefits, but also in the loss of other associated Plan benefits, earnings on the unpaid benefits, the loss of opportunity, and attorneys' fees and costs incurred.

32.     29 U.S.C. § 1132(a) is the enforcement mechanism permitting Lunz to enforce the contractual terms of the Plan, to receive reinstatement and payment of past-due disability benefits, to obtain declaratory relief, and to obtain other appropriate equitable relief including, but not limited to, surcharge, make-whole relief, and disgorgement.

**B.      Attorneys' Fees & Costs**

33.     As a result of Defendants' improper conduct, Lunz has incurred attorneys' fees and costs.

34.     29 U.S.C. § 1132(g) is the enforcement mechanism permitting Lunz to recover his reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

35.     Lunz requests the Court enter judgment in his favor and against PNC on all claims asserted herein, and to include legal and equitable relief as appropriate.

36.     Lunz requests the Court award reasonable attorneys' fees and costs.

37.     Lunz requests the Court award pre- and post-judgment interest at the greater of the prime rate, the policy rate, or the rate earned by PNC on the unpaid benefits.

38.     Lunz requests the Court award any and all other legal or equitable relief to which he may be entitled.

39.     Lunz requests leave to amend his claims when and as necessary to ensure he receives substantial justice.

40.     Lunz requests the Court deem his pleadings to conform to the evidence.

Respectfully submitted,

Dated: June 16, 2021

/s/Jonathan K. Cohn
Jonathan K. Cohn, Esquire
PA ID No. 92755
jcohn@stembercohn.com
**STEMBER COHN &
    DAVIDSON-WELLING, LLC**
The Hartley Rose Building
425 First Avenue, 7th Floor
Pittsburgh, PA  15219
T.: (412) 338-1445
F.: (412) 338-1446

*Attorneys for Plaintiff*